# THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,          )
                           )
    v.          )          ID No.          1911015492
                           )
JAMIL T. BIDDLE          )
                           )
    Defendant.          )

## ORDER

On this 10th day of January, 2022, upon consideration of Defendant, Jamil Biddle's ("Defendant") Motion for Judgment of Acquittal ("Motion"),[1] and the State's Response, it appears that:

1. Following a trial from November 15, 2021 to November 18, 2021, a jury found Defendant guilty of Robbery First Degree, Possession of a Firearm During the Commission of a Felony, and Conspiracy Second Degree.[2]

2. During trial, the jury watched a surveillance video of the entire robbery in question, taken from Second and Franklin Streets in Wilmington, Delaware.[3] Then, three Wilmington Police Officers testified that they were familiar with Defendant from prior interactions and were able to identify Defendant in the video. Jurors were also provided with a photo of Defendant taken one week before the robbery.

---

[1] D.I. 48.
[2] *Id.*
[3] D.I. 50.

3. Pursuant to Superior Court Criminal Rule 29, a Defendant may move for judgment of acquittal to set aside a guilty verdict.[4] In considering the motion, all evidence and the legitimate inferences therefrom must be viewed in the light most favorable to the State.[5] If any rational trier of fact "could conclude from the evidence that the defendant is guilty beyond a reasonable doubt, a motion for acquittal" must be denied.[6] A court may enter a judgment of acquittal only if the evidence is insufficient to sustain a conviction.[7]

4. Defendant first presented a Motion for Judgment of Acquittal during the trial, at the close of the State's case-in-chief.[8] The Court denied the Motion.

5. On November 24, 2021, Defendant filed this Motion.[9] Defendant alleges that there is insufficient evidence to sustain a conviction. Defendant recites a number of arguments raised during trial, including (i) that there was no DNA or fingerprint evidence at the crime scene, (ii) that it is unclear from the video surveillance what actually occurred, (iii) that no witnesses from the scene testified, and (iv) that Defendant had an alibi witness.

---

[4] Super. Ct. Crim. R. 29.
[5] *State v. Howell*, 2020 WL 1492787 at *4, (Del. Super. Mar. 23, 2020) (TABLE).
[6] *Id.*
[7] *State v. Castro*, 2020 WL 2557142, at *1 (Del. Super. May 20, 2020) (TABLE) (internal quotations omitted).
[8] D.I. 50.
[9] D.I. 48.

6. The type of evidence that Defendant claims is missing is not required for a finding of guilt on the charges at issue. The State presented sufficient evidence, in the form of surveillance video and police identification, for the jury to render a guilty verdict. Moreover, where the credibility of Defendant's alibi witness was at issue, the jury weighed the testimony and came to a conclusion in favor of the State. A rational trier of fact could have concluded from this evidence that Defendant was guilty beyond a reasonable doubt of the charges at issue.[10]

7. For the foregoing reasons, Defendant's Motion for Judgment of Acquittal is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sheldon K. Rennie
Sheldon K. Rennie, Judge

Original to Prothonotary

Cc:  Jillian Schroeder, Esquire, DAG at Department of Justice
William J. Rhodunda, Jr., Esquire

---

[10] The jury in this case demonstrated its capability to adequately analyze the evidence presented by the State. Indeed, the jury acquitted Defendant of the charges of two counts of Attempted Assault First Degree, Possession of a Firearm During the Commission of a Felony (as it related to Attempted Assault), and Conspiracy Second Degree (as it related to Attempted Assault), presumably because of a lack of evidence to sustain those charges.